Filed 5/12/22  P. v. Hernandez CA4/2
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

MICHAEL LOUIS HERNANDEZ,

    Defendant and Appellant.

E072790

(Super.Ct.No. FSB12071)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Melissa A. Mandel,

1

Alan L. Amann and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant, Michael Hernandez, was convicted by a jury in 1998 of first-degree murder (Pen. Code, § 187, subd. (a))[1],attempted premeditated murder (§§ 664, 187, subd. (a)), and two counts of first-degree robbery in concert (§§ 211, 213) during which a principal was armed (§ 12022, subd. (a)(1)) and defendant personally used a weapon (§ 12022.5, subd. (a)). Defendant was sentenced to a total determinate term of 16 years, plus indeterminate terms of 25 years to life with the possibility of parole for murder and life with the possibility of parole for attempted murder. Following the enactment of Senate Bill No. 1437, defendant filed a petition for resentencing, which was summarily denied, and he appealed, contending the trial court erred in denying his section 1170.95 petition because he had made a prima facie showing of his eligibility for relief.

We affirmed the trial court's judgment, and defendant petitioned the California Supreme Court for review. Following the Supreme Court's opinion in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), the matter was remanded to us with directions to vacate our opinion and reconsider the matter in light of *Lewis* and in light of Senate Bill No. 775 (Stats. 2021, ch. 551). We do so now.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

BACKGROUND

Many of the following facts are taken directly from our opinion on defendant's appeal in *People v. Hernandez* (Apr. 2, 1998, E020326) [nonpub. opn.].[2]

During the evening of August 26, 1996, Antonio Reyes (Reyes) and Raymond Herman Jaramillo (Jaramillo) visited Yvonne Mendez (Mendez) at her home in Colton. Her home was within the "turf" of the North Side Colton (NSC) gang. Reyes and Jaramillo were not NSC gang members. While at Mendez's home, Reyes and Jaramillo met Daniel Lopez (Lopez) and Kirk Lozolla (Lozolla), who claimed to be NSC gang members. Reyes and Jaramillo left Mendez's home and returned later that same evening around midnight. Lopez and Lozolla were there, and within a short time, defendant and Jesse Perez (Perez), who were also NSC gang members, arrived. Lopez, Lozolla, Perez and defendant entered the bedroom where Reyes and Jaramillo were with Mendez. Reyes told them he and Jaramillo were going to leave.

In response, the four men pulled out their guns and one of them said, "you punks aren't going nowhere yet." Reyes and Jaramillo were told to empty their pockets, which they did. Jaramillo took out his wallet containing $2, keys, a baggie of marijuana, and a pipe. Reyes removed his wallet, a pager, and a pen. Reyes and Jaramillo were searched for weapons and none were found. They were then kicked, beaten, forced outside, and told if they returned to Colton they would be killed. Someone then told them to "start running and never come back." As Reyes and Jaramillo ran, Lopez, Lozolla, Perez and

---

[2] Facts not taken from *People v. Hernandez*, *supra*, E020326 include citations to the record.

defendant fired their guns at Reyes and Jaramillo. Reyes was hit and fell. Jaramillo was also hit but continued to run. As he ran, he looked back and saw the four men standing with their gun muzzles flashing.

Defendant was charged with first-degree murder (§ 187, subd. (a), count 1), attempted premeditated murder (§§ 664, 187, subd. (a), count 2), and two counts of first-degree robbery in concert (§§ 211, 213, counts 3 and 4), during which a principal was armed (§ 12022, subd. (a)(1)) and in which defendant personally used a weapon (§ 12022.5, subd. (a)).

At trial, Mendez testified Lozolla, defendant and Perez were three of the four men who entered her room and kicked Jaramillo and Reyes. They had guns, according to Mendez, and defendant pushed Jaramillo against the wall. Mendez testified she left her home and went next door when the fighting started. When she returned, she saw Lozolla, Perez, and Lopez, but not defendant, take Jaramillo and Reyes outside. Mendez also testified she saw Lopez and Perez walk up to Reyes's fallen body and shoot him in the head. Reyes died from gunshots to his head, chest and abdomen.

The jury was instructed that they could find defendant guilty of first-degree murder on two alternate theories, felony murder and willful, deliberate, premeditated murder. During closing argument, the People first addressed defendant's guilt under a theory of felony-murder. Then, the People addressed defendant's guilt under the theory of willful, deliberate, premeditated murder. The jury was not asked to specify under which theory they found defendant guilty.

4

The jury convicted defendant of first-degree murder (§ 187, subd. (a)), attempted premeditated murder (§§ 664, 187, subd. (a)), and two counts of first-degree robbery in concert (§§ 211, 213), during which a principal was armed (§ 12022, subd. (a)(1)) and defendant personally used a weapon (§ 12022.5, subd. (a)). Defendant was sentenced to a total determinate term of 16 years, plus indeterminate terms of 25 years to life for the murder and life with the possibility of parole for attempted murder.

On April 2, 1998, in an unpublished opinion on defendant's direct appeal, we modified the sentence and ordered the abstract of judgment modified to reflect the determinate term of 13 years 4 months for robbery and the gun use enhancement, rather than 14 years 4 months, but otherwise affirmed the trial court's judgment. (*People v. Hernandez, supra,* E020326.)

On February 1, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. On March 25, 2019 the People filed a motion to strike the petition challenging the constitutionality of section 1170.95 and filed an informal response arguing defendant was ineligible for relief under section 1170.95 and asked the court take judicial notice of portions of the trial record and of *People v. Hernandez, supra,* E020326. That same day, defendant was appointed a conflicts panel attorney.

On March 28, 2019, the court found defendant ineligible for relief under section 1170.95 stating "that he was an active participant, although, [*sic*] not the active killer. He took a major part in the application that the conduct of that resulted in the death." The court also stated, "I do think the actions in this were reckless." The court stated its

decision was based on its review of our original opinion on direct appeal, *People v. Hernandez, supra,* E020326, and the trial court's own recollection of the case. The trial court declined to rule on the People's constitutionality argument.

On May 16, 2019 defendant appealed. On appeal, we affirmed, and the Supreme Court granted review, holding the case for decision pending resolution of the lead case, *Lewis, supra,* 11 Cal.5th 952. Thereafter, the Supreme Court remanded the case with directions to vacate our opinion and to reconsider the cause in light of *Lewis* and the recent amendments to section 1170.95.

We vacated our opinion and solicited supplemental briefing, with which the parties have now supplied us. Defendant again argues for reversal, but the People argue for affirmance despite procedural errors, because any error committed by the trial court was harmless where the finding of personal use of a firearm established he was convicted on a still valid theory.

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 amended the felony-murder rule by adding section 189, subdivision (e). It provides that a participant in the qualifying felony is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (See *People v. Gentile* (2020) 10 Cal.5th 830, 842.) The Legislature also amended the natural and probable consequences doctrine by amending section 188, subdivision

6

(a)(3), which now states that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Under section 1170.95, a person convicted of felony murder or murder based on the natural and probable consequences doctrine may petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of these statutory changes. (See *Lewis, supra*, 11 Cal.5th at pp. 959–960; *People v. Harden* (2022) ) 76 Cal.App.5th 262, 269.) The section 1170.95 petition must show: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . [and], (2) The petitioner was convicted of murder . . . following a trial . . . [and], (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3); *Harden, supra,* 76 Cal.App.5th at p. 269.)

Item (3) refers to the legislative changes to section 188 and 189. As amended, section 188 directs that malice may not "be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Instead, "to be convicted of murder, a principal in a crime shall act with malice." (§ 188, subd. (a)(3); see also, *People v. Clements* (2022) 75 Cal.App.5th 276, 290.) While a firearm enhancement does not necessarily require proof the defendant acted with express malice (see *People v. Offley*

7

(2020) 48 Cal.App.5th 588, 598 [firearm enhancement does not necessarily preclude the establishment of a prima facie showing of relief]), considering that the true finding was made with respect to the murder charge, it shows the murder conviction was not based on the doctrine of natural and probable consequences relating to a theory defendant aided and abetted the robbery counts.

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief, section 1170.95, subdivision (c) requires the court to appoint counsel to represent the petitioner, if requested; to direct the prosecutor to file a response to the petition and permit the petitioner to file a reply; and to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (*Lewis, supra*, 11 Cal.5th at p. 961.) If such a showing has been made, the trial court must issue an order to show cause and conduct an evidentiary hearing. (§ 1170.95, subds. (c), (d).)

However, while individuals convicted of murder on a felony-murder theory are potentially eligible for relief under section 1170.95, a murder conviction should not be vacated where the record of conviction refutes the defendant's allegation in the petition by showing he was a "major participant" in the underlying felonies of robbery, who showed reckless indifference to human life under the principles set out by the California Supreme Court in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*).

The prima facie inquiry under section 1170.95 is "limited" and ""takes petitioner's factual allegations as true and makes a preliminary assessment regarding

whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'" [Citation.]" (*Lewis, supra,* 11 Cal.5th at p. 971.) However, courts are not limited to the allegations of the petition; they may also "rely on the record of conviction in determining whether that single prima facie showing is made." (*Id.* at p. 970.) Thus, if the record of conviction establishes the petition lacks merit as a matter of law, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

"In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis, supra,* 11 Cal.5th at p. 972.) "[T]he trial court should not decide unresolved factual issues that involve credibility determinations or weighing of evidence. Rather, it should decide such issues only after issuing an order to show cause and holding an evidentiary hearing." (*People v. Duchine* (2021) 60 Cal.App.5th 798, 811–812., fn. omitted.)

Here, defendant asserts that he was convicted of first degree felony murder, that he could not now be convicted of felony murder, that he was not the actual killer and did not act with reckless indifference to human life during the course of the felony. He also argues that pursuant to the recent decision in *Lewis, supra,* we must accept the factual allegations of his petition as true in making the preliminary assessment whether he is

eligible for relief. "'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner.'" (*Lewis, supra,* 11 Cal.5th at p. 971, citing *People v. Drayton* (2020) 47 Cal.App.5th 965, 979 [overruled on a different point in *Lewis, supra,* 11 Cal.5th at p. 963], quoting *In re Serrano* (1995) 10 Cal.4th 447, 456.)

Thus, at the prima facie stage, the trial court's inquiry "'is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime).'" (*People v. Pacheco* (2022) 76 Cal.App.5th 118, 125, quoting *People v. Drayton*, *supra*, 47 Cal.App.5th at p. 980.) "If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief . . . , then the trial court should issue an order to show cause." (*Drayton, supra,* at pp. 980–981.) We independently review a trial court's determination whether a petitioner has made a prima facie showing. (*People v. Harden, supra,* 76 Cal.App.5th at p. 270.)

The trial court, in considering the resentencing petition, determined defendant was a major participant based on defendant's conduct in personally shooting a firearm at the victims. The record of conviction bears this out and refutes any inference he was not an active aider and abettor. "[P]roof of [direct] aider and abettor liability requires proof in three distinct areas: (a) the direct perpetrator's actus reus—a crime committed by the

10

direct perpetrator, (b) the aider and abettor's mens rea—knowledge of the direct perpetrator's unlawful intent and an intent to assist in achieving those unlawful ends, and (c) the aider and abettor's actus reus—conduct by the aider and abettor that in fact assists the achievement of the crime." (*People v. Pacheco, supra,* 76 Cal.App.5th at p.127, quoting *People v. Perez* (2005) 35 Cal.4th 1219, 1225; see also, *People v. Coley* (2022) 77 Cal.App.5th 539, 547.)

In the present case, the trial court summarily denied the petition because the record of conviction, which included convictions for both first degree murder, attempted premeditated murder, and two counts of robbery, as well as a finding that defendant personally used a firearm in connection with the first degree murder and premeditation in connection with the attempted murder, refuted his assertion that he established a prima facie showing of entitlement to resentencing relief. (See *People v. Coley, supra*, 77 Cal.App.5th at p. 547.) The convictions establish that defendant actively participated in the robbery, actually kicking and beating of the victims during the robbery offense, as opposed to merely encouraging or facilitating the crimes, and later fired his gun at both victims as they attempted to flee. He acted with malice as to both the murder and the attempted murder, and was found to have premeditated the attempted murder, foreclosing any conclusion he was not an active participant acting with reckless indifference to human life.

The People acknowledge there were irregularities in the procedure followed by the trial court insofar as the hearing was scheduled without giving defendant's counsel a full

11

thirty days in which to file a reply to the People's opposition, and the trial court may have engaged in factfinding by determining that the record supporting a finding that defendant was an active participant, but that the errors were harmless.  We do not address the trial court's improper reasons for denying the petition, or whether those reasons were the result of improper factfinding, as we may affirm a ruling that is correct in law on any ground.  (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204, citing *People v. Turner* (2020) 10 Cal.5th 786, 807.)

Despite the trial court's reference to factual determinations more appropriately made at the evidentiary hearing following an order to show cause, the ruling was correct.  The record of conviction demonstrates defendant is ineligible as a matter of law because his convictions would be valid under current law.  The jury's finding defendant personally used a firearm in connection with the murder, and its finding that the attempted murder was premeditated, demonstrate he was a direct aider and abettor who acted with malice, which directly refuted his allegation that he is eligible for resentencing.  Despite the errors, the ruling was nonetheless correct because the record of conviction demonstrates his convictions would be valid even under current law; we review the ruling, not the court's reasoning, and, if the ruling was correct on any ground, we affirm.  (*People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12.)  Therefore, any error was harmless where remanding for a new prima facie determination would be futile.

Additionally, the record shows defendant did not aid and abet the robbery; he was a direct participant in that crime.  The jury was instructed it could find defendant guilty of

12

murder if he aided and abetted the murder.  But there were no instructions as to aiding and abetting the robbery.  This means his guilt on the murder count was not imputed from his participation in the robberies, but, rather, on his own active participation in the robberies, which renders him ineligible for relief.

With the benefit of direction from our Supreme Court, we agree the trial court made factual findings inappropriate to the determination of whether defendant established a prima facie basis for relief, but we find the error was harmless.  Remand is not required where the record of conviction shows, as a matter of law, that Hernandez failed to make a prima facie showing he was eligible for resentencing.  As a matter of law, his conviction for first degree murder is still valid following the amendments to sections 188 and 189.[3]

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ         

P. J.

We concur:

MILLER         

       J.

FIELDS         

       J.

---

[3]  At the time defendant filed his section 1170.95 petition in the trial court, the statute had not yet been amended to extend relief to persons convicted of attempted murder pursuant to Senate Bill No. 775.  On remand from the Supreme Court, defendant makes no claim challenging the attempted murder conviction, having not preserved that argument for this appeal.